**STATE of Tennessee, Appellant,**

v.

**Erroll S. EVETTS, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 22, 1984.

Permission to Appeal Denied by Supreme Court May 14, 1984.

Dennis Tomlin, Nashville, for appellee.

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., James F. Walsh, Asst. Dist. Atty. Gen., Nashville, for appellant.

## OPINION

DWYER, Judge.

This is a T.R.A.P. 9 appeal by the State from the suppression order of the trial court holding that the defendant's arrest without probable cause for driving under the influence of an intoxicant prevents the State from introducing the results of a breath test.

The defendant was arrested on the late evening hours of January 15, 1983, when as the driver of his vehicle he collided with an out-of-state vehicle on Elm Hill Pike and Briley Parkway in Nashville.

In the order granting the defendant's motion to suppress, the trial court held:

"The police officer testified that he responded to an accident call and arrived on the scene of the accident. His decision to give the defendant a breath test was based on the fact that he thought that the accident was the defendant's fault and that the defendant smelled of alcohol. He testified that there were no outward manifestations of intoxication. The defendant walked correctly and spoke correctly and there was nothing out of the ordinary noticed about his face or eyes. The officer testified that he decided to give him a test because he thought the accident was his fault and he smelled of alcohol. It is the Court's opinion that this does not rise to probable cause sufficient to support an arrest and, therefore, the test given the defendant was illegally given. It should be further pointed out that the officer testified that he did not place the defendant under arrest until after he gave him the test. While the officer's subjective judgment as to when a person is placed under arrest is not binding on the Court, it certainly indicated that the officer felt that he did not have probable cause prior to the giving of the test."

The warrantless arrest was made by the investigating officer after he arrived at the scene of the accident, noted the property damage to both vehicles, observed the appearance of both drivers, evaluated their respective versions of the accident, and detected the odor of alcohol on the defendant. Before an officer may effect a warrantless arrest under such circumstances, T.C.A. § 40-7-103(6) requires that he have probable cause to believe that the person arrested has committed the offense of driving under the influence of an intoxicant, T.C.A. § 55-10-401. We will examine the evidence in order to determine whether the arrest was supported by probable cause.

The arresting officer testified that he had eighteen and one-half years of experience in law enforcement. As soon as he saw the defendant, he concluded that he was under the influence because he smelled alcohol on the defendant's breath and because the accident appeared to be the defendant's fault. The officer did not administer a field sobriety test. He also admitted that the defendant did not exhibit any outward signs of intoxication, such as staggering or slurred speech. The officer related that, based on his experience, such behavior was not always the result of intoxication. Because the defendant did not appear to be in danger of staggering out into the street, the officer did not place him under arrest when he first arrived on the

scene. His main concern at that time was to get traffic moving again because one of the vehicles was blocking the highway. The officer summoned a wrecker and began preparing an accident report. He did not arrest the defendant prior to filling out the report because past experience had taught him that this often prompts fighting. After completing the paperwork, the officer placed the defendant in the front seat of his patrol car. He gave the defendant his *Miranda* warnings and explained his rights under the implied consent law. The defendant agreed to submit to a breath test, and the officer radioed for a BATmobile. The officer testified that he did not consider the defendant to be under arrest at that time because he was not in the back seat of his cruiser. A formal "arrest" was not made until after the results of the breath test were obtained. In response to questioning by the court, the officer related that his conclusion as to the defendant's intoxication would have been the same even without the test.

The defendant testified that while he was the driver, he was not intoxicated. He admitted to consuming five beers over a five or six hour period prior to the accident. A friend of the defendant who had been drinking with him at a club that night testified that the defendant drank five beers but was not intoxicated.

■ While the officer testified that he did not consider the defendant to be under arrest because he was not in the back seat of the patrol car, his subjective belief as to the time of the arrest is not controlling. The officer concluded that the defendant was intoxicated from the time of their first encounter, and it may fairly be inferred that the defendant was under the officer's control and was not free to leave from that point on. The defendant was thus under arrest prior to the administration of the breath test, regardless of when the formal "arrest" took place. *State v. Hobbs*, No.

83–84–III (Tenn.Cr.App.; Nashville; January 25, 1984).

■ The question of whether the arrest was supported by probable cause depends upon whether at the time the arrest was made there were facts and circumstances within the officer's knowledge which would warrant a man of prudence and caution in believing that the defendant had committed the offense of D.U.I. *Goines v. State*, 572 S.W.2d 644, 647 (Tenn. 1978). All information in the officer's possession, fair inferences therefrom, and observations, including past experiences, are generally pertinent. *Greer v. State*, 1 Tenn.Cr.App. 407, 443 S.W.2d 681 (1969). In the present case, the arresting officer testified that he had eighteen and one-half years of police experience and had made over one thousand arrests for D.U.I. Based on his past experience, it was his opinion that the defendant was intoxicated. The officer stated that his opinion would have been the same even without the test. The defendant had been involved in an automobile collision in which he was at fault, and the officer personally observed the defendant at the wreck scene and smelled the odor of alcohol on his breath. Under these circumstances, we hold that the probable cause requirements of T.C.A. § 40–7–103(6) have been met. The evidence does not therefore support the trial court's order granting the defendant's motion to suppress the breath test.

The judgment of the trial court is reversed, and the record is remanded for a determination on the merits.

TATUM and BYERS, JJ., concur.