**STATE of Tennessee, Appellee,**

v.

**Melvin L. HAILEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 22, 1989.

Anthony J. Sabella, Memphis, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, J. Robert Carter, Asst. Dist. Atty. Gen., Memphis, for appellee.

DWYER, Judge.

## OPINION

This represents an appeal as a matter of right by Melvin L. Hailey from his conviction by the Shelby County Criminal Court affirming a jury verdict finding the defendant guilty of driving while intoxicated, reckless driving and vehicular homicide. For his conviction of driving while intoxicated, the trial court sentenced appellant to serve eleven months and twenty-nine days in the local workhouse, and imposed a fine of $775.00. For his conviction of reckless driving, the trial court sentenced appellant as a Range I standard offender to serve forty-five days in the local workhouse, concurrent with the above sentence, and imposed a fine of $425.00. For his conviction of vehicular homicide, the trial court sentenced appellant to serve eleven years in the Department of Corrections consecutive to the above sentences. Two issues are presented for appellate review, including a challenge to the sufficiency of the convicting evidence.

The record reveals that in the early evening hours of September 22, 1986, a lieutenant with the Southaven Police Department pulled onto Elvis Presley Boulevard approximately 400 yards south of the Tennessee–Mississippi state line and observed the appellant in a light blue Ford traveling at approximately 80 to 100 miles per hour

in a northerly direction. He turned to pursue the car. As he did so, he observed the car turning a curve at the Tennessee–Mississippi state line. The vehicle crossed into the southbound lane and struck another car head-on.

The driver of the southbound vehicle was pronounced dead on arrival at the hospital. The appellant was trapped between the steering wheel and backseat of his car. He was conscious and asked for help. The officer noticed a strong odor of an intoxicant on his breath. The accident occurred in Shelby County, Tennessee. On re-direct examination, the officer related that from his observations, he was positive that the appellant was under the influence of alcohol.

Alvin Wilson was also a witness to the accident. He related that he was traveling behind the decedent's car which was driving approximately 35 miles per hour. The appellant's car approached the southbound lanes at a high rate of speed and suddenly swerved across the divider lines and struck the decedent's car head-on.

An investigation of the accident scene revealed no evidence that the appellant attempted to use his brakes. The investigation further indicated that the appellant was traveling over the speed limit.

The appellant testified that he was going around a curve toward Tennessee when he saw headlights, collided with the vehicle head-on and blacked out. The appellant further testified that earlier that day he drank a quart of beer with some friends. On cross-examination, the appellant acknowledged that he might have been speeding at the time of the accident.

ISSUE I. Whether the evidence is sufficient to sustain the jury's verdict of guilty of vehicular homicide.

The appellant contests the sufficiency of the evidence as to his conviction for vehicular homicide. He alleges that the proof in the record is "susceptible to a hypothesis of innocence."

On appeal, a guilty verdict approved by the trial judge, accredits the testimony of the witnesses for the State.

*State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt on appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973), which the defendant has the burden of overcoming. *State v. Brown,* 551 S.W.2d 329, 330 (Tenn.1977); *see State v. Tuggle,* 639 S.W.2d 913 (1982). Where the sufficiency of evidence is challenged, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

■ For the defendant to be found guilty of vehicular homicide, the State must prove to the jury beyond a reasonable doubt (1) that the defendant was intoxicated when he struck the decedent; and (2) that the death of the decedent was the proximate result of the defendant's intoxication. T.C.A. § 39-2-231; *State v. McKinney,* 605 S.W.2d 842 (Tenn.Crim. App.1980).

■ In the case *sub judice,* the record reveals that a Southaven, Mississippi law enforcement official observed the appellant driving at an excessive rate of speed, 80 to 100 miles per hour. As the officer pursued the appellant, he observed appellant's car travel across the dividing lines of the road and strike head-on into the decedent's car. When the officer approached the appellant, he detected a strong odor of intoxication on his breath.

A witness to the accident corroborated the Southaven officer's testimony as to the accident and appellant's excessive rate of speed. An investigation of the scene revealed that the appellant was speeding and failed to apply his brakes.

A blood alcohol test, conducted at the hospital as part of appellant's routine medical examination, revealed that appellant's blood alcohol level was .22. Moreover, appellant admitted that he was drinking that afternoon.

From all of the above, a jury could and did reasonably conclude that appellant was intoxicated at the time of the accident, and that the death of the decedent was the proximate result of appellant's intoxication. T.C.A. § 39-2-231; *State v. McKinney, supra.* In short, the evidence meets the requirements of Rule 13(e), Tenn.R.App.P. The issue is without merit.

ISSUE II. Whether the trial court erred in admitting into evidence the appellant's blood alcohol content.

■ The appellant contends that the State failed to prove the appellant's level of intoxication by competent and material evidence and that admission of the blood alcohol test result was prejudicial. We disagree. During the course of appellant's medical treatment, a blood alcohol test was performed.[1] At the trial, the State called the registered record administrator of the Regional Medical Center, the custodian of the hospital patient records, who testified that the appellant's blood alcohol level was 0.22%. The appellant objected to this testimony on the ground of inadmissible hearsay. The trial court overruled said objection.

■ The State submits that the evidence was properly admitted under the Uniform Business Record as Evidence Act, T.C.A. § 24-7-111, as a recognized exception to the hearsay rule. We are in accord with this argument. The blood-alcohol content was offered by the custodian of records, who identified the appellant's record and testified that she was familiar with the mode of preparation of the record, that it was prepared in the ordinary course of

---

1. Although appellant argues in his brief that his blood alcohol level was tested without his consent, defense counsel objected to the admissibility of the test only on the basis of hearsay. No contemporaneous objection was raised as to the consent argument. Accordingly, it is waived. Moreover, the record suggests that the test was conducted in the routine course of appellant's medical treatment.

business, and that it was prepared on September 22, the time of the appellant's treatment. T.C.A. § 24–7–111(c).

■ Further, the State submits that the blood-alcohol result introduced into evidence by the hospital record's custodian does not fall within the purview of T.C.A. § 55–10–410, because the test was not administered at the direction of a law enforcement officer but, rather, pursuant to the appellant's medical treatment. Again, we agree. *See,* e.g., *Bunch v. State,* 499 S.W. 2d 1 (1973). The record suggests that the hospital records were not prepared in the course of litigation but, rather, were prepared in the course of the appellant's medical treatment. *See,* e.g., *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

The issue, therefore, is overruled. Accordingly, the judgment of the trial court is affirmed.

WADE, J., and LLOYD TATUM, Special Judge, concur.