IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION

FILED

January 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
            APPELLEE,        )
                             )    No. 02-C-01-9612-CC-00489
                             )
                             )    Hardin County
v.                           )
                             )    C. Creed McGinley, Judge
                             )
                             )    (DUI Second Offense)
RONALD BRET CASS,            )
                             )
            APPELLANT.       )


FOR THE APPELLANT:                    FOR THE APPELLEE:

Ronald Bret Cass, Pro Se              John Knox Walkup
2112 Prince Place                     Attorney General & Reporter
Savannah, TN 38372                    500 Charlotte Avenue
                                      Nashville, TN 37243-0497

                                      Kenneth W. Rucker
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      G. Robert Radford
                                      District Attorney General
                                      111 Church Street
                                      Huntingdon, TN 38344-0686

                                      Eleanor Cahill
                                      Assistant District Attorney General
                                      111 Church Street
                                      Huntingdon, TN 38344-0686


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Ronald Bret Cass (defendant), was convicted of driving while under the influence, second offense, a Class A misdemeanor, by a jury of his peers. The trial court sentenced the defendant to pay a fine of $2,000 and serve eleven months and twenty-nine days in the Hardin County Jail. The defendant is required to serve six months of the sentence. The trial court suspended the balance of the sentence and ordered that the defendant will serve this portion of the sentence on probation. The defendant's driving privileges were revoked for two years.

The defendant presents nine issues for review:

## NO. 1

The state witness, Steve Florence, did commit perjury, when he stated that he had performed a horizontal gaze nystagmus test.

## NO. 2

The state witness Janet Lard, did commit perjury, when she stated that she had the results of a blood alcohol test, prior to the release, of the defendant Cass, from her care.

## NO. 3

The state witness Janet Lard did commit perjury when she stated that she was an employee of the Hardin County Hospital.

## NO. 4

The officer, did not have grounds, to request, the defendant, Ronald Cass, to submit to a blood alcohol test, nor did he have probable cause for the warrantless arrest of the defendant, Ronald Cass.

## NO. 5

Did the trial court err, in allowing the confidential medical records, of the defendant Cass, into evidence in this cause.

## NO. 6

The State of Tennessee fail[ed] to prove jurisdiction.

## NO. 7

The jury verdict in this cause was against the weight of the evidence.

NO. 8

> The State of Tennessee fail[ed] to provide an impartial prosecutor who was constitutionally qualified to prosecute this cause.

NO. 9

> The failure of the trial court in not allowing me assistance of a non-lawyer, did violate the defendant['s] Sixth Amendment Right U.S. Const. And Article I, Section 9, right to counsel Tenn. Const.

After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

On November 3, 1995, the defendant was operating his pickup truck along Tennessee Highway 22 in Hardin County, Tennessee. Stacy B. Meeks was operating his motor vehicle in the opposite direction on Route 22. Meeks intended to turn onto Tennessee Highway 142 en route to his home. Suddenly, the defendant's truck crossed the centerline of the highway. Meeks veered to his right to avoid a collision with the defendant's truck. A second later the defendant's truck turned over. The truck came to rest in a ditch adjacent to Route 22.

Mr. Meeks stopped his vehicle and ran to the defendant's truck seconds after he saw the truck come to rest in the ditch. The defendant was the only occupant in the truck. According to Mr. Meeks, the defendant said "Hey there" several times, began hollering for help, and then began cursing. When others arrived, an attempt was made to remove the defendant from the truck. It was unsuccessful.

State Trooper Steve Florence was dispatched to the scene. He witnessed the truck in the ditch. According to Trooper Florence, the defendant was cursing, kicking, and screaming. The defendant was the only person in the truck. Trooper Florence called for rescue assistance and an ambulance. The rescue squad extricated the defendant from the truck. He was transported to the Hardin County General Hospital by ambulance.

When Trooper Florence came into contact with the defendant at the scene, he noticed the defendant had a strong odor of an intoxicant on his breath. It was the opinion of Trooper Florence that the defendant's ability to operate a motor vehicle was impaired by the consumption of intoxicating beverages. Trooper Florence read to the defendant the

3

informed consent form permitting an analysis of his blood alcohol content. The defendant read the agreement himself as well. Finally, the defendant told Trooper Florence it was against his religion to give his permission for such a test. Trooper Florence described the defendant as having "very red and bloodshot" eyes, walking with a "slight stagger," and having to support himself by holding onto the bars in the jail.

Those who attended the defendant at the hospital noticed a strong odor of an intoxicating beverage on the defendant's breath. The defendant was cooperative at times and uncooperative at other times. He permitted an employee of the hospital to draw blood from his body. An analysis of the blood revealed a blood alcohol content of .28.

A registered nurse assigned to the emergency room had known the defendant from junior high school. She had seen the defendant sober at times and drunk at other times. She testified the defendant smelled of an intoxicant. He was agitated, upset, and was cursing while in the emergency room. His speech was slurred. The defendant admitted to the nurse he had consumed a "few drinks."

It was established the defendant had one prior conviction for driving while under the influence.

The foregoing summary of the evidence establishes there was sufficient evidence to support a finding by a rational trier of fact that the defendant was guilty of driving while under the influence, second offense, beyond a reasonable doubt. Tenn. R. App. P. 13(e).

This court will not consider issues one through three. The defendant accuses Trooper Florence and Doctor Lard of committing perjury. First, there is no evidence in the record to support the defendant's claim that these two witnesses committed perjury. Second, the factual matter asserted in these issues reflects upon the credibility of the witnesses. The jury found these two witnesses credible and believable. This court cannot reweigh or reevaluate the evidence.

The defendant contends Trooper Florence did not have probable cause to arrest him without a warrant, and, further, he did not have the right to ask the defendant to submit to a blood alcohol test. This court disagrees. Trooper Florence arrived at the scene before the defendant was removed from the truck. He saw the defendant was the only person inside the truck. He saw the defendant after he was removed from the truck. He smelled

4

a strong odor of an intoxicant on the defendant's breath. The defendant's eyes were "very red and bloodshot." The defendant's conduct at the scene was consistent with a person under the influence of an intoxicant. It was the opinion of Trooper Florence that the defendant's ability to operate a motor vehicle was impaired due to the consumption of an intoxicant. This opinion was supported by the hospital personnel and the results of the blood test to determine the defendant's blood alcohol content. Trooper Florence had ample probable cause to arrest the defendant without benefit of an arrest warrant. State v. Evetts, 670 S.W.2d 640, 642 (Tenn. Crim. App.), per. app. denied (Tenn. 1984).

Trooper Florence had every right to ask the defendant to submit to a blood alcohol test. The defendant impliedly consented to take such a test if he, as in this case, operated a motor vehicle while under the influence. Tenn. Code Ann. § 55-10-406(a)(1).

This issue is without merit.

The defendant contends his medical records at the Hardin County General Hospital were confidential, and it was error of prejudicial dimensions to admit these records into evidence. The state issued a subpoena duces tecum to obtain the records. The medical records qualify as business records within the meaning of Rule 803(6), Tennessee Rules of Evidence. The state laid the proper foundation for the admission of these records. The manager of the records department, the emergency room doctor, a medical technician, and a registered nurse testified in this cause. This court has previously held that medical records are admissible as business records in driving while intoxicated cases. See State v. Hailey, 769 S.W.2d 228, 230-31 (Tenn. Crim. App. 1989). This issue is without merit.

The defendant further contends the results of his blood test were contained in the medical records. He argues he did not consent to the test. The defendant overlooks the fact the blood was not drawn and tested at the direction of Trooper Florence because the defendant refused to sign the informed consent agreement. The blood was drawn at the direction of the emergency room doctor. The doctor ordered other tests in order to determine the defendant's physical condition since he complained of being injured when he wrecked his truck. Thus, the results were admissible.

The defendant also argues the record is silent regarding the technician's qualifications to perform a blood alcohol test and whether the equipment used was in

5

proper working order. The technician who performed the test testified during the trial. He was subjected to rigid cross-examination regarding his qualifications. The record reflects the technician was highly qualified to perform the test. The defendant did not object to the admission of the blood alcohol test at trial on the ground the state failed to introduce evidence that the equipment used was in good working order. Therefore, this subissue has been waived. Tenn. R. App. P. 36(a).

Finally, the defendant argues his Fourth Amendment and Fourteenth Amendment rights were violated by subpoenaing and introducing his medical records. No constitutional right of the defendant was violated in this regard. State v. Fears, 659 S.W.2d 370, 376 (Tenn. Crim. App.), cert. denied, 465 U.S. 1082, 104 S.Ct. 1450, 79 L.Ed.2d 768 (1984).

This issue is without merit.

The defendant contends the State of Tennessee failed to establish it had jurisdiction to prosecute him. He argues the mishap occurred in the Shiloh National Military Park and only the United States Government could prosecute him. This court disagrees. The defendant operated a motor vehicle on a state highway, which is maintained by the state. The mishap occurred on this state highway in Hardin County, Tennessee. The trial court had personal, subject matter, and territorial jurisdiction over this matter.

This issue is without merit.

The defendant contends the state failed to provide an impartial prosecutor who was constitutionally qualified to prosecute him. He predicates his argument on the fact the assistant district attorney general failed to file a copy of her oath of office with the Secretary of State. This issue is frivolous. The simple fact the oath of office is not on record with the Secretary of State does not disqualify an assistant district attorney general. Moreover, the defendant did not challenge the qualifications of the assistant district attorney general who prosecuted him prior to trial. Thus, this issue has been waived. Tenn. R. App. P. 36(a).

This issue is without merit.

The defendant contends he was entitled to the assistance of a non-lawyer representative to assist him in the preparation and presentation of his defense. He relies upon the United States and Tennessee constitutional rights to the effective assistance of counsel. The defendant's reliance upon these constitutional provisions is misplaced. This

6

court has held an accused is not entitled to the assistance of a non-lawyer during the course of a trial. State v. Sowder, 826 S.W.2d 924, 929 (Tenn. Crim. App. 1991), cert. denied, 510 U.S. 883, 114 S.Ct. 229, 126 L.Ed.2d 184 (1993).

This issue is without merit.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE



_____
CURWOOD WITT, JUDGE