IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1998 SESSION

FILED

June 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9704-CR-00140 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS H. SHRIVER, |
| JUAN E. McADAMS, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Motion to Suppress) |

**FOR THE APPELLANT:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**PAMELA S. ANDERSON**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

**FOR THE APPELLEE:**

**RICHARD McGEE**
601 Woodland Street
Nashville, TN 37206

OPINION FILED: _____

REVERSED AND REMANDED

JERRY L. SMITH,
JUDGE

**OPINION**

The State of Tennessee appeals the ruling of the trial court granting the defendant's motion to suppress cocaine discovered during a search of his motor vehicle. The defendant was initially stopped for a traffic violation. Since he does not contest the validity of that initial stop, the sole issue presented for appeal is whether the search of the vehicle violated the defendant's constitutional rights. We find that it did not; therefore, we reverse and remand the case to the trial court for further proceedings consistent with this opinion.

**SUPPRESSION HEARING**

The only testimony at the suppression hearing was given by Officer Brock Parks. Officer Parks testified on direct examination that he stopped the defendant for failing to come to a complete halt at a STOP sign. A records check revealed the defendant's driver's license to be revoked. The officer then "placed [the defendant] under arrest" and put him in the back of the patrol car. With the defendant secured, Officer Parks conducted a search of the passenger compartment of the vehicle. This search yielded a brown paper bag containing approximately thirty (30) grams of cocaine, which was found on the driver's side floorboard.

During cross-examination, Officer Parks' testimony was extremely confusing as to whether the officer merely intended to issue a citation before the cocaine was discovered, or whether the defendant had been arrested prior to the discovery of cocaine. Nevertheless, the officer specifically acknowledged that he could not allow the defendant to drive away since his license had been revoked.

The trial court appears to have been concerned over the officer's apparent practice of searching every vehicle stopped for a traffic offense.

2

Apparently concluding that the search was incident to a citation, and not an arrest, the trial court orally granted the motion to suppress.

The trial court subsequently issued a memorandum opinion finding the search was conducted upon the officer's learning "that the defendant had no driver's license." The trial court did not acknowledge in his findings the uncontroverted testimony that the defendant's driver's license had actually been revoked.

The trial court reached the following conclusions:

(1) The search of the defendant's vehicle could not be based on the "Carroll Doctrine" which permits warrantless searches based on the officer's belief that the vehicle contained contraband.

(2) The search was not an inventory search since the officer stated he did not plan to impound the vehicle.

(3) The plain view doctrine could not apply since paper sacks are common in automobiles, and the cocaine itself was not in plain view.

(4) This was not a custodial arrest in which a search ordinarily occurs or is needed. "More importantly, a search incident to arrest is a [sic] limited to the person and immediate surroundings of the person arrested."

We agree with the trial court's first three (3) conclusions, but disagree with the last.

## CUSTODIAL ARREST

Because the defendant does not challenge the validity of the initial stop, we will first consider whether there was a custodial arrest and whether the officer had grounds to make such an arrest.

Generally, officers are to issue citations to drivers committing minor traffic infractions, rather than continuing to hold them in custody. Tenn. Code Ann. § 40-7-118(b)(1). However, an officer may not issue a citation to a person where

3

"there is a reasonable likelihood that the offense would continue . . ." Tenn. Code Ann. § 40-7-118(c)(2). When Officer Parks discovered the defendant was driving on a revoked license, it was incumbent upon the officer to prevent the defendant from continuing to drive his vehicle on a revoked license. A custodial arrest is appropriate under these circumstances.

Based upon his confusing testimony, it is at least arguable that Officer Parks believed that he had the option of giving the defendant a misdemeanor citation and letting him continue driving instead of arresting him. If he had such a belief, he was in error. Regardless, the officer's subjective belief is not controlling. State v. Evetts, 670 S.W.2d 640, 642 (Tenn. Crim. App. 1984), see also, Whren v. U.S., 517 U.S. 806; 116 S.Ct. 1769; 135 L.Ed2 89 and State v. Vineyard and Cockburn, 958 S.W.2d 730 (TN 1998). (Holding office's subjective beliefs or motives irelevant if there is an objectively reasonable basis for arrest.) We find the defendant had been lawfully arrested prior to the search of his vehicle.

The validity of the arrest established, we must examine whether the officer had a right to search the defendant's vehicle.

## SEARCH OF THE VEHICLE

Officer Parks searched the defendant's vehicle without a warrant, and warrantless searches are presumed to be unreasonable. Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564, 576 (1971); State v. Watkins, 827 S.W.2d 293, 295 (Tenn. 1992). The state, therefore, was required to prove by a preponderance of the evidence in the suppression hearing that the search and resulting seizure were justified pursuant to one of the recognized exceptions to the warrant requirement. Coolidge, 403

4

U.S. at 454-55, 91 S.Ct. at 2032, 29 L.Ed.2d at 576; State v. McClanahan, 806 S.W.2d 219, 220 (Tenn. Crim. App. 1991).

When an officer makes a custodial arrest of a motor vehicle operator, the officer has full authority to search the passenger compartment of the motor vehicle contemporaneously to the arrest. New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1990); Watkins, 827 S.W.2d at 295-96. The "contemporaneous" requirement of the search is not destroyed when a defendant is placed in a patrol car. United States v. White, 871 F.2d 41, 44 (6th Cir. 1989); Watkins, 827 S.W.2d at 296. When Officer Parks made a valid custodial arrest of the defendant, he had a right to search the passenger compartment of the defendant's vehicle. The cocaine discovered as a result of this search is admissible.

Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
**JERRY L. SMITH, JUDGE**

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**DAVID H. WELLES, JUDGE**

5